# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| RACHAEL J. ROBINSON, ) | |
| Plaintiff, ) | |
| ) | No. 11 CV 50330 |
| v. ) | Judge Frederick J. Kapala |
| ) | Magistrate Judge Iain D. Johnston |
| BLAIN'S FARM & FLEET, ) | |
| Defendant. ) | |

## ORDER

It is the REPORT AND RECOMMENDATION of this court that the defendant's motion for sanctions [46] be denied, and that the plaintiff's motion to strike an affidavit submitted in support of the motion for sanctions [79] be denied as moot. Under Federal Rule of Civil Proedure 72(b)(2), the parties have 14 days to serve and file specific written objections. The status hearing and motion presentment set for 9/24/2013 is stricken and no appearance is necessary on that date.

## STATEMENT

**I.      Background**

Plaintiff Rachael Robinson alleged claims of discrimination and retaliation against her former employer, popularly known as Blain's Farm & Fleet but which the defendant contends was incorporated as Ottawa Farm & Fleet. Specifically, Robinson alleged in her Amended Complaint that she was terminated based on a disability (Count I), and on her sex and in retaliation for complaining about sex discrimination (Count II), as well as a state law claim that she was terminated in retaliation for filing a workers' compensation claim (Count III).

Farm & Fleet filed a motion for summary judgment on all of Robinson's claims and, while briefing proceeded on that motion, filed a motion for sanctions under Federal Rule of Civil

Procedure 11. In support of the motion for sanctions, Farm & Fleet argues that "all allegations in Plaintiff's Complaint are without any basis in fact . . . and that Plaintiff knows it." Motion [Dkt. 46] at 1. In further support, Farm & Fleet relied on the arguments presented in favor of its motion for summary judgment.

This court deferred briefing the motion for sanctions until after the motion for summary judgment had been fully briefed and decided. In her response to the motion for summary judgment, Robinson withdrew her disability discrimination claim in Count I. The district court judge then granted summary judgment to Farm & Fleet on the sex discrimination claims in Count II, and declined to exercise supplemental jurisdiction over the state law claims in Count III. This court ordered briefing on the motion for sanctions, which is now complete.

**II. Analysis**

Under Rule 11, every pleading and other paper must be signed by an attorney or unrepresented party certifying, among other things, that the "claims . . . are warranted by existing law" and that the "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(2), (3). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). However, the mere fact that a plaintiff did not prevail does not mean that she is subject to sanctions under Rule 11. *Zahran v. Nat'l Guardian Lilfe Ins. Co.*, No. 90 CV 907, 1999 WL 652052, at *4 (N.D. Ill. Aug. 16, 1999). Rather, the proper focus is on what was known at the time the paper was filed. *Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989). The decision whether to grant or deny a motion for Rule 11 sanctions is within the sound discretion of the court. *See Cooney v. Casady*, — F.3d —, Nos. 10-3842, 11-1757, 2013 WL 4406668, at *9 (7th Cir. Aug. 19, 2013).

Farm & Fleet contends that it is entitled to sanctions under Rule 11 because Robinson always knew that "all allegations in [her] Complaint are without any basis in fact," [Dkt. 46 at 1], that her "claims of discrimination *never* had merit," and that "Robinson always knew that" [Dkt. 77 at 3]. To begin, Farm & Fleet's contention that *all* of Robinson's allegations are baseless is itself baseless: Farm & Fleet admitted many of the allegations in its answer. *See* Dkt. 21. As for the claims of discrimination, Farm & Fleet argues that Robinson always knew the claims lacked merit because she knew of Farm & Fleet's legitimate, nondiscriminatory reason for firing her: repeated customer complaints. However, even if an employer offers a legitimate, nondiscriminatory reason for its decision to terminate an employee, the employee may still establish discrimination with evidence that the proffered reason was pretext. For instance, a plaintiff could show that the employer did not honestly believe the nondiscriminatory reason, or that it was not the real reason the employee was terminated. *See Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 780 (7th Cir. 2006). Therefore, the mere fact that Farm & Fleet offered a nondiscriminatory reason for firing her does not mean that Robinson's claims of discrimination were meritless when filed.

Moreover, Farm & Fleet waited an unreasonable length of time to seek Rule 11 sanctions for what it contends were baseless allegations. Robinson first alleged discrimination in her original complaint filed November 10, 2011. *See* Complaint [Dkt. 1]. But Farm & Fleet waited over 16 months, until after Robinson has filed an amended complaint and the parties had completed discovery, to first seek sanctions for allegations it contends Robinson knew all along were baseless because of the customer complaints. Rule 11 sanctions motions must be filed "as soon as practicable after discovery of a Rule 11 violation." *Kaplan v. Zenner*, 956 F.2d 149, 151-52 (7th Cir. 1992). Farm & Fleet could have argued at the outset of the case that Robinson's

Page 3

discrimination claim was baseless in light of customer complaints—the same argument it presented 16 months later in its motion for sanctions. Where a party seeks sanctions based not on facts revealed in discovery but, rather, known at the inception of the case, delaying a motion for sanctions until the later stages of litigation is unreasonable and untimely. *Id.* at 152.

Farm & Fleet also argues that Robinson and her counsel should be sanctioned for the additional reason that they continued to litigate "long after it was obvious that Robinson's claims had no basis in fact." Reply [Dkt. 77] at 3. Specifically, Farm & Fleet states that "Robinson did not develop any evidence of pretext, nor did she even try," presumably to further an argument that Robinson should have abandoned all of her discrimination claims after discovery or in response to the motion for summary judgment. *Id.* at 6. In support, Farm & Fleet cites the U.S. Supreme Court's decision in *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, for the proposition that attorneys' fees may be awarded where a district court finds that a plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421-22 (1978). But *Christiansburg* addressed an award of attorneys' fees to a prevailing defendant under 42 U.S.C. § 2000e-5(k), not sanctions under Rule 11. *See also Orlando-Cooney v. Casady*, No. 09 CV 1920, 2011 WL 995817, at \*\* 1-2 (N.D. Ill. Mar. 21, 2011) (distinguishing between a prevailing defendant's right to fees under civil rights statutes and sanctions under Rule 11).

Regardless, the record does not support Farm & Fleet's assertion that Robinson had no evidence of pretext and never tried to present any. In response to the motion for summary judgment, Robinson offered evidence that Farm & Fleet had also received multiple customers complaints about a male employee, but did not terminate him. Response in Opposition to

Motion for Summary Judgment [Dkt. 57] at 3-5.  Evidence of disparate discipline for the same conduct can establish pretext.  *See Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 580 (7th Cir. 2003).  The district court concluded that, in this case, the male employee's disciplinary history did not establish pretext because the customer complaints were spread out over a longer period of time than the complaints about Robinson.  *See* Order [Dkt. 73] at 5.  However, the fact that Robinson did not prevail on the claim does not, by itself, warrant sanctions.  *See Zahran*, 1999 WL 652052, at *4.  Rather, the relevant inquiry is whether a reasonable basis supports Robinson's claims when filed and litigated.  "The focus of inquiry is on inputs rather than outputs, conduct rather than results."  *Mays v. Principi*, No. 01 CV 1418, 2002 WL 15704, at *4 (N.D. Ill. Jan. 4, 2002) (internal quotation marks and citation omitted).  Robinson offered evidence of disparate discipline in support of her claims of discrimination.  Accordingly, the claims were not frivolous, unreasonable, or groundless and, therefore, in an exercise of the court's discretion, do not warrant sanctions under Rule 11.

For the sake of completeness, the court notes that because the district court judge did not address the state law claim and, instead, declined to exercise jurisdiction over it, this court likewise expresses no opinion on the state law claim.  The court also notes that, in an exercise of discretion, it finds that sanctions for Robinson's disability claim are unwarranted for the additional reason that she withdrew the claim in response to the motion for summary judgment.  Although the withdrawal occurred more than 21 days after the safe harbor provision in Rule 11, the defendant has not identified any additional work incurred on that claim after serving its Rule 11 motion on the plaintiff.

## CONCLUSION

Accordingly, for the reasons given, it is the Report and Recommendation of this court that the district court deny Farm & Fleet's motion for sanctions under Federal Rule of Civil Procedure 11 [48], and deny the motion to strike an affidavit submitted in support of the motion for sanctions [79] as moot.

DATE: September 20, 2013

_____
Magistrate Judge Iain D. Johnston